UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY LIONEL LOVE,     )<br>         Plaintiff,     )<br>                          )     CASE NO. 1:22-cv-00811-JPH-MG<br>vs.                       )<br>                          )<br>MARK SEVIER and           )<br>LT. STORMS,               )<br>         Defendants.     ) | |

## SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES

Defendant, Mark Sevier, with counsel, Joseph T. Lipps, supplements his responses to Plaintiff's *Interrogatories* as follows:

> 2. What was your interest in the internal investigation into plaintiff Tony Love. (If those job duties are set forth in any job descriptions or other document, produce the document(s))

**RESPONSE**: Objection, request is vague as to time and what exactly is meant by "investigation". Without waiving said objection, and based upon my interpretation of what is being requested - in an effort to truthfully and fully answer this request, my only involvement would be waiting for the outcome of the investigation.

**SUPPLEMENTAL RESPONSE**: In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, my only interest would be waiting for the outcome of the investigation.

**Exhibit A**

3. When did you become aware that an investigation into plaintiff Tony Love was warranted. Produce all documents and its description as it pertain to this investigation,

**RESPONSE**: Objection, request is vague as to time and what exactly is meant by "investigation". Without waiving said objection, and based upon my interpretation of what is being requested—in an effort to truthfully and fully answer this request, I have no recollection of when I became aware of an investigation of Offender Love.

**SUPPLEMENTAL RESPONSE**: In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, I cannot recall when I became aware of an investigation of Offender Love as it would pertain to this lawsuit – i.e., an investigation of him being placed in segregation in November 2021[1]. Further, I did not personally direct, order, request, or otherwise suggest to OII that they should investigate Offender Love, nor was I otherwise involved in any investigation.

---

[1] Please see Docket 72, page 7.

> 4. State the names, titles, and duties of all staff members who you put in charge of investigating plaintiff Tony Love. If those duties are set forth in any job description, policy directive, or other document, produce the document(s).

**RESPONSE:** No formal investigation was ordered, nor completed. Custody staff acting on intelligence and incidents that occur in the unit does not necessarily constitute an investigation.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, I did not individually place any staff members in charge of investigating Offender Love specifically. Obviously, OII personnel are tasked with investigations, so I invite Offender Love to refer to previously provided documentation of what he considers the investigation of himself, specifically at bates marked Exhibit A to Plaintiff's First Interrogatories and Requests for Production at Love00004-5, and Exhibit B at Love000006-22.[2]

---

[2] Please see Fed. R. Civ. P. 33(d)(1).

5. After your investigation into plaintiff Tony Love was complete was any conduct reports or rule violations issued to Tony Love after the outcome of this investigation. Produce all documents and its description as it pertains to this question.

**RESPONSE:** Please see my response to Interrogatory No. 4 above.

**SUPPLEMENTAL RESPONSE:** Offender Love did not receive any conduct from New Castle Correctional Facility, per the IDOC Delta Offender Information System; also, New Castle Correctional Facility staff did not conduct any official investigation of Offender Love.

6. What day did your investigation into plaintiff Tony Love began. Produce all documents and its description as it pertains to this question.

**RESPONSE:** Please see my response to Interrogatory No. 4 above.

**SUPPLEMENTAL RESPONSE:** New Castle Correctional Facility did not conduct an investigation of Offender Love.

7. Up until the time plaintiff Tony Love was placed in segregation did he hold a job and turn in his S.T.A.N.D. Program assignments as required. Produce all documents and its description as it pertain to this question.

**RESPONSE:** I have no knowledge of whether Offender Love held a job and turned in all of his assignments for the ST AND Program.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, I still have no knowledge of whether Offender Love held a job and turned in all of his assignments for the STAND Program.

8. What lead to plaintiff Tony Love being investigated. Produce all documents and its description as it pertain to this question.

**RESPONSE:** Please see my response to Interrogatory No. 4 above.

**SUPPLEMENTAL RESPONSE:** New Castle Correctional Facility did not conduct an investigation of Offender Love.

> 15. Was it your decision that plaintiff Tony Love was to remain in segregation until he was transferred. Produce all documents and its description as it pertains to plaintiff continued segregation after investigation was complete.

**RESPONSE:** No, the transfer of the Plaintiff would have been a decision made by Classification.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, no.

> 16. Why was plaintiff Tony Love given a inner-facility transfer to the more harsh seg unit in the security level 3 lockup/seg unit. Produce all documents as it pertain to this question.

**RESPONSE:** I have no knowledge of Plaintiff's transfer. Classification would have made the decision to transfer Plaintiff.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, I do not know the answer to this request, as it is misleading and implying that the

segregation units are intentionally "more harsh", when that is not at all in line with my own observations and experiences. Further, I do not have knowledge of the transfer to begin with, I was not involved in that delegated decision, and a good-faith review of documents in my custody, possession, or control have not assisted in verifying Plaintiff's false assertions regarding segregation units.

19. Unlike the other two ranges why didn't 500 range cells have any desk, stool or towel racks. Produce all documents and it description as it pertain to the difference between the cells on 500 range and the cells on 100 and 300 range.

**RESPONSE:** I have no knowledge of why those cells did not or would not have a desk, stool, or towel rack.

**SUPPLEMENTAL RESPONSE:** The four cells on the 500 range of RHU had desks, stools, and towel racks removed many years ago, approximately in 2015 or 2016. I did not arrive at New Castle Correctional Facility as Facility Administrator until June of 2019. These items were removed from those cells due to safety and security reasons because offenders were tearing them off the wall and causing safety issues.

20. Why wasn't televisions and radios and batteries allowed on this seg unit as opposed to the seg unit in security level 4.

**RESPONSE:** There are no individual televisions in General Population at New Castle Correctional Facility, thus no television. Radios and tablets are permitted, but any 'extra' batteries are not permitted in the cell.

**SUPPLEMENTAL RESPONSE:** New Castle Correctional Facility has two Restricted Housing Units (RHU), one in the Annex NCN 03 range, and one in the NCF 100, 300, and 500 ranges. In New Castle Correctional Facility, offenders designated as Administrative Segregation offenders per NCCF policy; they cannot have extra batteries in their cell but can request new batteries from their property. Also of note, offenders in NCF General Population do not have access to a personal television, as we have two in each pod for them to watch. All offenders have a personal tablet that has access to entertainment, email, etc.,

22. If the conduct plaintiff Tony Love was accused of would that warrant him for placement back in the SHU.

**RESPONSE:** Objection, request is vague and hypothetical. Without waiving said objection, and based upon my interpretation of what is being requested—in an effort to truthfully and fully answer this request, I have no knowledge of what is being requested.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my

recollection, and based upon a good-faith search for information in my possession, custody, or control, and with the addition of the Court's interpretation of what is being asked (whether the conduct that formed the basis of OII's investigation into him was the type of conduct that would warrant him being placed backed in the SHU), I have no knowledge of what type of conduct OII would believe might warrant Offender Love being placed back in the SHU.

> 25. Was there security level five transfers in and out of the facility between Nov. of 2021 and May of 2022. Produce all documents and its descriptions as it pertain to this question.

**RESPONSE:** I have no knowledge of whether there were security level five transfers in and out of the facility between those dates.

**SUPPLEMENTAL RESPONSE:** In accordance with the Court's *Order* (Dkt. 72) regarding my previous response, I now supplement the response by stating to the best of my recollection, and based upon a good-faith search for information in my possession, custody, or control, and with the addition of the Court's interpretation of Offender Love's handwriting to be asking about "Level four transfers", I have no knowledge of whether there were security level four transfers in and out of the facility during that time.

Respectfully submitted,

By: _____
Joseph T. Lipps, Atty. No. 35936-89
BBFCS ATTORNEYS
27 North 8th Street
Richmond, IN  47374
Telephone: (765) 962-7527
Facsimile: (765) 966-4597
jlipps@bbfcslaw.com
*Attorneys for Defendants, Mark Sevier and Lt. Storms.*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by first class mail, postage paid, this 24th day of September, 2024, to:

Tony Lionel Love, DOC #127260
Indiana State Prison
Inmate Mail/Parcels
1 Park Row
Michigan City, IN  46360

By _____
Joseph T. Lipps