UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONY LIONEL LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00811-JPH-MG |
| | ) | |
| MARK SEVIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Plaintiff's Motion for Relief from Judgment**

Tony Love filed this civil rights action alleging that defendant Warden Mark Sevier placed him in segregation in retaliation for appealing a district court decision related to conduct reports against him, that Warden Sevier and Lieutenant Storms subjected him to unconstitutional conditions of confinement while in segregation in violation of the Eighth Amendment, and Warden Sevier denied him meaningful review of his placement in segregation in violation of his Fourteenth Amendment Due Process Rights. The Court granted summary judgment for the defendants and entered final judgment on March 24, 2025. Dkts. 80, 81. Now pending before the Court is a post-judgment motion filed by Mr. Love on July 16, 2025, seeking relief under Rule 60 of the Federal Rules of Civil Procedure.

A Court may grant relief from judgment for any of the six listed reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an

opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is "an extraordinary remedy ... granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.") (internal citations omitted).

Mr. Love argues that he did not respond to the defendants' summary judgment motion because he did not receive it due to his hospitalization. Dkt. 82 at 1-2. He argues that the documents he attached create disputes of material fact that should preclude the grant of summary judgment on the defendants' favor. Dkt. 83 at 2-6. Yet, Mr. Love did file his own motion for summary judgment and had an opportunity to submit evidence and argument. *See* dkts. 68, 69, 71. Mr. Love's instant motion rehashes arguments that he has already made, and the Court has already rejected.

Mr. Love does not dispute that he received the scheduling order in this case, or order enlarging the discovery and dispositive motion deadline. Dkts. 36, 62. Mr. Love had constructive notice of the defendants' summary judgment motion. *See Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000) ("The operative question is whether notice was adequate at the time that the notice was sent[.] ... However, due process does not require actual notice, so long as the government 'acted reasonably in selecting means likely to inform the persons

affected.'") (citations omitted). Mr. Love filed a notice of change of address while the defendants' motion for summary judgment was pending, dkt. 79, meaning he had the ability to communicate with the Court and ask for progress about this case, even after his hospitalization. Thus, he has not shown excusable neglect for failing to respond to the summary judgment motion. Further, Defendants served Mr. Love with a notice regarding right to respond and submit evidence in opposition to motion for summary judgment, dkt. 77, so there is no evidence that Mr. Love's failure to respond was due to any misconduct by them.

In short, Mr. Love has not argued a basis for relief under Rule 60(b). *See Banks*, 750 F.3d at 667 (if Rule 60(b) motion is filed after appeal deadline has passed, it "must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal" (cleaned up)). Accordingly, his motion for relief from judgment pursuant to Rule 60(b), dkt. [82], is **denied.**

**SO ORDERED.**

Date: 9/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TONY LIONEL LOVE
127260
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel